IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Linda Soldier Meeches and ) <br> Rodger Meeches, individually and ) <br> on behalf of the Estate of Rodger ) <br> Tyler Meeches, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Joel Dub, ) <br> <br> Defendant. | **ORDER ON MOTIONS IN LIMINE** <br><br> Civil Case No. 2:07-cv-12 |

Before the Court are Plaintiffs' motion to exclude Defendant's expert Lewis L. Dirks, Docket 13, Defendant's motion to exclude Plaintiffs' expert Roger J. Burgmeier, (Docket 17), Plaintiffs' motion in limine to preclude Defendant from offering evidence from a toxicology report regarding cannabinoids and ecgonine methyl ester, (Docket 22), and Defendant's motion in limine to exclude Plaintiffs' expert, Roger J. Burgmeier's supplemental report, (Docket 46).

**FACTUAL BACKGROUND**

This case arises out of a car accident on September 13, 2005 near Grafton North Dakota. Rodger Tyler Meeches (hereafter Tyler Meeches) was struck by a car driven by Joel Dub and died at the scene. Linda and Rodger Meeches are the parents of Tyler Meeches and are Canadian citizens. Tyler Meeches was a Canadian citizen at the time of his death. Joel Dub is a resident of Walsh County North Dakota and thus complete diversity of citizenship exists between the parties under 28 U.S.C. § 1332. This case is a negligence survival action and a wrongful death action.

There is a dispute as to where on the roadway the collision between Mr. Dub's car and Tyler

1

Meeches occurred. Plaintiffs' contend that Tyler was walking on the shoulder of Highway 17. Docket 1. Defendant contends that Tyler Meeches was three feet from the fog line on the traveled portion of the westbound lane at the time he was struck. (Docket 15, Dirks report). Both parties have retained experts to support their version of the facts. Both experts have submitted reports (Docket 15, 19) and Plaintiffs' expert Roger Burgmeier has submitted a supplemental report. (Docket 48).

Also at issue is a state toxicology report that revealed the presence of cannabinoids and ecgonine methyl ester in Tyler Meeches' urine. (Docket 24). Plaintiffs' seek to exclude the report. (Docket 22).

**EXPERT OPINIONS**

Rule 702 of the Federal Rules of Evidence contains two components, first expert testimony must be based on the special knowledge of the expert and second the testimony must be helpful to the trier of fact. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589-93 (1993). The court should consider whether the theory presented has been tested, whether it has been subjected to peer review, whether it has a known rate of error and whether it has been generally accepted in the scientific community. Id. at 593-94. The Daubert gatekeeping requirement is to "insure the reliability and relevance of expert testimony." Kumho Tire Co., Ltd v. Carmichael, 526 U.S. 137, 150 (1999).

The United States Court of Appeals for the Eighth Circuit has long recognized that considerable diversity of opinion exists as to the propriety of expert opinion evidence as to the point of impact in automobile collision cases. Rhynard v. Filori, 315 F2d 176,178 (8th Cir 1963). That

case recognized that the admissibility of expert testimony rests in the discretion of the trial judge. Id. In Rhynard the testimony of one of the two opposing experts was admitted and that of the other was not. Id. At 179. The first expert's testimony was allowed because proper foundation was laid. Id. That expert made observations and measurements in support of his opinion and thus the opinion was admissible.

A similar result was reached in Loften v. Agee, 303 F2d 287 (8th Cir 1962). There the expert based upon direct evidence leading up to the collision , the position after the vehicles had come to a rest and the skid marks leading up to the wreckage. Id. At 288. The Court of Appeals held that the admission of the evidence was not an abuse of the trial courts discretion. Id. However absent necessary foundational evidence an expert's opinion is inadmissable speculation. Mittlieder v. Chicago and Northwestern Railway Co., 413 F2d 77,83 (8h Cir. 1969).

As one court has stated the "court's role of gatekeeper [of expert testimony] is to decide *in limine* (a) whether opinion testimony tendered as scientific technical or other specialized knowledge is based upon an appropriate methodology and (b) whether the methodology used is generally acceptable, can be tested or subjected to peer review by the relevant community of experts." Thomson v. Rook, 255 F. Supp. 584, 586 (E.D. Tex. 2001). However questions regarding the factual underpinnings of an expert's generally affect the weight and credibility of the expert's testimony, not its admissibility. Structural Polymer Group, Ltd v. Zoltek Corp. 543 F3d 987, 997 (8th Cir. 2008). The opinion should only be excluded only if it is so unsupported that it cannot be help the factfinder. Id. Both parties here argue that the opinion of the other side's expert should be excluded.

3

(Docket14, 26). Dub further argues that Burgmeier's supplemental report should be excluded due to its extremely late disclosure. ( Docket 46).

Burgmeier states that "the distribution of the pedestrian's personal belongings (shoe and lighter) as well as the final resting place of the body were evaluated. The evidence cone suggests the pedestrian was most likely on, or just north of the westbound fog line when this collision occurred." (Docket 19). Dirks states "However, because the shoulder is gravel and grass is more difficult to walk on, than the asphalt traffic lane especially in the dark. [sic] A person walking along the north side of the highway would have a tendency to walk on the highway rather than walk on the rough shoulder." (Docket 15).  The court does not believe that sufficient facts have been presented to provide a scientifically helpful and factually supported opinion as to the whereabouts of the collision.  Neither opinion about the precise location of Tyler Meeches just prior to the collision refers to any specific calculations peer review studies, generally accepted scientific or mathematical foundation or methodology.  Only to the extent that proper scientific foundation has been laid the experts may testify about matters that satisfy the requirements of Daubert.

Therefore, to the extent that proper foundation is laid Burgmeier may testify about the crash scene, the 1985 Pontiac car, nighttime visibility analysis, and time and distance analysis.  He may not offer an opinion or testify about the location of Tyler Meeches at the time of impact, nor is he to testify on the North Dakota rules of the road.  Further any opinion offered in his supplemental report, and not disclosed in his initial report may not be offered due to its late disclosure.

Similarly, Mr Dirks may testify, to the extent proper foundation is laid, about Tyler Meeches movements prior to the collision and where his body was found.  He may not offer any opinion on

4

where the collision occurred.  He may testify, with adequate foundation about nighttime visibility, and reaction and stopping times.

### Toxicology Report

Plaintiffs seek to prevent the admission of the state toxicologist report that discloses the presence of illegal drugs in Tyler Meeches's body.  (Docket 23).  The report does not disclose quantity and does not contain any evidence of impairment.  (Docket xx).  Plaintiffs state that the report does not make negligence on the part of Tyler Meeches more or less probable and thus is not relevant.  Further Plaintiffs claim the evidence is highly and unfairly prejudicial.

Plaintiffs offer no case law in support of their motion nor did they offer any witness testimony at the hearing. The admission of evidence of blood test showing the presence of drugs is in the discretion of the trial court.  Simco v. Ellis, 303 F3d 929, 934 (8th Cir. 2002).  Here no testimony has been produced showing unfair prejudice.  Similarly no evidence of impairment or other relevance evidence has yet been offered by the defendant.  Therefore the motion is denied, but may be renewed at trial.

**IT IS SO ORDERED.**

Dated this 11th day of December, 2008.

   /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court